UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GARY RICE,

    Plaintiff,

v.                                                      06-CV-3280

BLAIR L. KUNKEL,

    Defendant.

## Merit Review Order

    The plaintiff, currently incarcerated in Pinckneyville Correctional Center, filed this action regarding events that occurred during his incarceration in Graham Correctional Center.

    The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, identifying cognizable claims and dismissing claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ."[1] A merit review hearing was held on January 11, 2007, to aid the court in this review. Plaintiff appeared *pro se*, and the transcript from that hearing will be filed.

    The merit review standard is the same as the motion to dismiss standard. The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

*Allegations*

    The allegations are taken from the Complaint and its attachments, and the plaintiff's statements in the merit review hearing. The allegations are liberally construed and set forth as true for purposes of this order only.

    On March 19, 2005, the plaintiff was incarcerated in Graham Correctional Center,

---

[1] A prisoner may not proceed *in forma pauperis* if "the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. Section 1915(g).

standing in the chow line after breakfast.  He witnessed what he describes as an assault on another inmate, Yarii Massey.  Specifically, an unidentified officer squirted two juices onto Massey, one in Massey's breast pocket, and one in his sleeve.  The officers began laughing, thinking Massey's predicament funny.  The plaintiff advised Massey that he should file a grievance about the officer's conduct, a remark which Defendant Kunkel overheard.

As the plaintiff was leaving, Defendant Kunkel approached him, directing him to face forward.  The plaintiff, however, was already facing forward.  The plaintiff then asked Kunkel for his name and badge number.  Kunkel then ripped the plaintiff's identification card off him, grabbed him by the collar, and yanked him from the chow line.  Kunkel took the plaintiff to the "inner core shack" and said, "You  n-----s are going to learn to obey!" "Take your Black ass on to your unit!"

The plaintiff filed a grievance on the matter.  Defendant Kunkel fabricated a disciplinary report against the plaintiff charging the plaintiff with intimidation and threats and disobeying a direct order.  Kunkel wrote in the report that he had ordered the plaintiff to face forward, but the plaintiff refused, asked for Kunkel's name and badge number, and read Kunkel's name and badge number out loud.  Plaintiff denies Kunkel gave any direct orders, and asserts that Kunkel's actions were motivated by Plaintiff's request for his name and badge number and by Kunkel's desire to prevent or intimidate the plaintiff from acting as a witness regarding the Massey juice incident.

The plaintiff was found guilty of the charges and received one month B grade and one month commissary restriction.  However, the guilty finding was expunged on appeal "due to insufficient information to substantiate the charges."  (8/29/05 ARB letter).

*Analysis*

I. Eighth Amendment–Excessive Force

Defendant Kunkel allegedly ripped the plaintiff's identification card off him, grabbed the plaintiff by the collar, and yanked him from the chow line. The plaintiff describes Kunkel's behavior as an "assault."  "But not every touch that an inmate finds offensive rises to the level of a constitutional violation. 'The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."' " *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994)(*quoted cites omitted*).

The court does not condone Kunkel's actions, but no reasonable inference arises of excessive force under Eighth Amendment standards.  The force used by Kunkel was *de minimis* and not "repugnant to the conscience of mankind"  by constitutional standards, and the plaintiff suffered no physical injury.  *See DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000)(allegation that guard shoved prisoner toward a doorway and into a doorframe after the prisoner told the guard his actions were unprofessional did not state Eighth Amendment claim).  Accordingly, no Eighth Amendment claim is stated.

II. Fourteenth Amendment–Equal Protection

"[R]acially derogatory language, while unprofessional and deplorable, does not violate the Constitution. . . [citations omitted]. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *Dewalt V. Carter,* 224 F.3d 607, 612 (7th Cir. 2000)(citations omitted). No reasonable inference arises from the allegations that Kunkel's actions (i.e., the ripping, yanking, and writing of the false report) were motivated by race. Liberally construed, Kunkel's actions were an attempt to intimidate the plaintiff from speaking out against the Massey incident and to punish the plaintiff for encouraging Massey to pursue a grievance and lawsuit. Accordingly, the plaintiff states no equal protection claim. However, he does state a retaliation claim (see below).

III. False Disciplinary Ticket Alone

Kunkel's false disciplinary report, by itself, gives no rise to a constitutional action in the context of this case. "[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as require in *Wolff v. McDonnell* are provided." *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984).

No inference arises that plaintiff did not receive procedural due process to defend against the false ticket. "[D]ue process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least "some evidence" in the record, for any disciplinary action taken." *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Courts do not "independently assess witness credibility or weigh the evidence . . ." in a disciplinary proceeding. *McPherson*, 188 F.3d at 786, *quoting Super. Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

That the Adjustment Committee's finding was overturned on appeal does not affect the procedural due process analysis:

> The fact that the outcome was eventually overturned does not mean that the hearing failed to satisfy minimal procedural requirements. . . . The fact (if it were true) that the evidence against [the plaintiff] had been made up would similarly not cast doubt on the basic procedures that were followed.

*Lagerstrom*, 463 F.3d at 625, *citations omitted*.

IV. False Disciplinary Ticket as Retaliation for Plaintiff's Exercise of Constitutional Right

As discussed above, the false disciplinary ticket, by itself, gives rise to no constitutional claim since the plaintiff received procedural due process. However, an inference arises that Kunkel wrote the false disciplinary ticket to retaliate against the plaintiff for: 1) telling Massey to pursue a grievance and/or lawsuit; 2) asking for Kunkel's badge number and name; and 3) to prevent the plaintiff from acting as a witness in the Massey incident. The court also cannot rule out that the ticket was in retaliation for the plaintiff's grievance, as it is not clear which was filed first.

Acts which are constitutional can become unconstitutional if done in retaliation for the exercise of a constitutionally protected right. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 1999)(citations omitted). "This is so even if the adverse action does not independently violate the Constitution." *Id. See Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006)(false disciplinary report analysis different if "an inmate claims that a prison official trumped up a disciplinary charge in retaliation for the exercise of a constitutionally protected right." ).

"In the First Amendment context, . . .a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *see also Turner v. Safley*, 482 U.S. 78, 95 (1987). Restrictions on First Amendment rights are constitutional if they are "'reasonably related to legitimate penological interests.'" *See Thornburgh v. Abbott*, 490 U.S. 401, 412)(1989), *citing Turner v. Safley*, 482 U.S. 78, 89 (1987).

At this point, the court cannot rule out a claim that the defendant's disciplinary report was in retaliation for the plaintiff's exercise of his free speech rights under the First Amendment or in retaliation for his right to file a grievance. Further development of the record may show that the plaintiff was not exercising a constitutionally protected right, or that the disciplinary report was not motivated by retaliation, but those determinations would be premature now.

IT IS THEREFORE ORDERED:

1)  Pursuant to its merit review under 28 U.S.C. Section 1915A, the court concludes that the plaintiff states a federal claim that Defendant Kunkel retaliated against the plaintiff for exercising a constitutionally protected right.

2)  Pursuant to its merit review under 28 U.S.C. Section 1915A, the court concludes that the plaintiff does not state a federal claim for the violation of his Eighth or Fourteenth Amendment rights.

3)  This case proceeds solely on the federal claim identified in paragraph one above. Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or otherwise pursuant to Federal Rule of Civil Procedure 15.

4)  This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling

      Order.

5)     The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this <u>12th</u> Day of <u>January</u>, 2007.

                                     **S\HAROLD A. BAKER**

                                      HAROLD A. BAKER  
                           UNITED STATES DISTRICT JUDGE