UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GARY RICE,

    Plaintiff,

v.                                             06-CV-3280

BLAIR L. KUNKEL,

    Defendant.

## Order

    The plaintiff pursues a claim that Defendant Kunkel retaliated against him for exercising his First Amendment rights by issuing a false disciplinary ticket. Defendant Kunkel filed a motion for summary judgment, to which the plaintiff responded. (d/e's 15, 18). On April 2, 2008, the defendant filed a notice of suggestion of death of the plaintiff, sending a copy only to the purportedly deceased plaintiff. The notice does not identify any successor or representative. However, the court concludes that determining who might be the plaintiff's successor or representative for possible substitution is not necessary because the court finds no genuine issue of disputed fact for trial. Accordingly, the court grants summary judgment to the defendant.

    Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

    The following facts are undisputed. On March 19, 2005, the plaintiff was incarcerated in

Graham Correctional Center, standing in the chow line after breakfast. He witnessed what he describes as an assault on another inmate, Yarii Massey. Specifically, an unidentified officer squirted two juices onto Massey, one in Massey's breast pocket, and one in his sleeve. The plaintiff advised Massey that he had been assaulted and that he should file a grievance and lawsuit about the officer's conduct and that Kunkel would act as a witness on Massey's behalf, a remark which Defendant Kunkel overheard.

As the plaintiff was leaving, Defendant Kunkel approached him, directing him to face forward. The plaintiff, however, was already facing forward. The plaintiff then asked Kunkel for his name and badge number. Kunkel ripped the plaintiff's identification card off him, grabbed him by the collar, and yanked him from the chow line. The plaintiff maintains that Kunkel took the plaintiff to the "inner core shack" and said, "You n-----s are going to learn to obey!" "Take your Black ass on to your unit!" The plaintiff asked Kunkel for his name and badge number again and Kunkel replied that it would be on the disciplinary ticket.

Later that day, Defendant Kunkel filed a disciplinary report against the plaintiff, charging him with intimidation and threats and disobeying a direct order. Kunkel wrote that he had overheard the plaintiff advising another inmate that the inmate had a lawsuit, and that Kunkel had told Rice to turn around and face forward. According to the disciplinary report, the plaintiff then asked Kunkel for his name and badge number, bent over and read Kunkel's name tag and repeated it. The plaintiff maintains that the disciplinary report was not handled per procedure but instead was given to Kunkel's brother (Lieutenant Kunkel) to process as a minor violation. It is not clear what difference this makes.

After receiving the disciplinary report, the plaintiff filed a grievance against Kunkel. He maintained that Kunkel's report was fabricated and Plaintiff's request for his name and badge number, and by Kunkel's desire to prevent or intimidate the plaintiff from acting as a witness regarding the Massey juice incident.

At the hearing, the plaintiff offered no statement in his defense, stating that he feared for his safety (despite the fact that he had already filed a grievance against Kunkel). Inmate Massey signed a witness statement recounting that the plaintiff had been talking about how Massey had been assaulted and should file a grievance/lawsuit. Massey's statement said that Kunkel asked the plaintiff for his name and number and that the plaintiff kept asking for Kunkel's name and badge number. The plaintiff was found guilty of the charges and received one month B grade and one month commissary restriction. However, the guilty finding was expunged on appeal "due to insufficient information to substantiate the charges." (8/29/05 ARB letter).

"To succeed on a retaliation claim, the plaintiff must "establish that his protected conduct was a motivating factor behind [the defendants' actions], but that should not end the inquiry. Because the ultimate question is whether events would have transpired differently absent the retaliatory motive . . ." *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). If the same action would have occurred regardless of the retaliatory motive, the claim fails. *See Spiegla v. Hull*, 371 F.3d 928, 942 (7th Cir. 2004).

It is undisputed that the plaintiff wrote his grievance after Kunkel wrote the disciplinary report. Thus, Kunkel could not have been motivated by retaliation for the grievance. According to the plaintiff, Kunkel had already stated his intention to write up the plaintiff during their exchange earlier that day. Kunkel was following through on that stated intention, to which the plaintiff responded by filing a grievance.

What this case comes down to is the plaintiff's claim that Kunkel filed the report against the plaintiff because of the plaintiff's statements to Massey and demands for Kunkel's badge number and name. First Amendment rights to speech are subject to the legitimate penological concerns of the prison. It is not only what is said, but where, when and how. Here, even accepting the plaintiff's version of events, the plaintiff was challenging Kunkel's authority in front of other inmates, or so Kunkel could have reasonably perceived. *See Ustrak v. Fairman*, 781 F.2d 573, 580 (7th Cir. 1986)("We can imagine few things more inimical to prison discipline than allowing prisoners to abuse guards and each other."). Under these particular circumstances, Kunkel had a legitimate penological reason for filing the report, even if he was motivated by retaliation for the plaintiff's statements. To hold otherwise would be to seriously restrict an officer's ability to control potentially volatile situations and maintain authority and discipline. The plaintiff could have easily waited to exercise his free speech rights in a less volatile setting by filing a grievance against Kunkel.

IT IS THEREFORE ORDERED THAT the defendant's motion for summary judgment is granted (d/e 15). The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

IT IS FURTHER ORDERED THAT the IDOC is directed to forward this order to the forwarding address it has for the plaintiff and to the address for the plaintiff's family, if readily available.

Entered this 29th Day of May, 2008.

                                                      s\Harold A. Baker

                                                      HAROLD A. BAKER
                                        UNITED STATES DISTRICT JUDGE